IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FRANK NUNEZ GARCIA,**<br>    ID #043464,<br><br>        Plaintiff,<br>vs.<br><br>**UNIDENTIFIED DEFENDANT,**<br>        Defendant. | )<br>)<br>)<br>)<br>) No. 3:19-CV-1936-G (BH)<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The plaintiff filed this action on August 12, 2019.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated August 51, 2019, he was notified that he had not filed his complaint on the appropriate form and paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP).  (*See* doc. 4.)  Attached to the order were copies of the civil rights complaint form and an IFP application.  *See id.*  The order specifically advised the plaintiff that he must file his complaint on the proper form and either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case.  *Id.*  More than thirty days from the date of the order have passed, but the plaintiff has not filed his complaint on the proper form and paid the filing fee or filed an IFP application.

### II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

*sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the August 15, 2019 order that he file his complaint on the proper form and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his complaint on the proper form and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 21st day of October, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                         */s/ Irma Carrillo Ramirez*
                                                     IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE